J-A01036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW LAWRENCE COOPER | : | |
| | : | |
| Appellant | : | No. 1436 EDA 2017 |

Appeal from the Judgment of Sentence December 9, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No.:  CP-46-CR-0006238-2015

BEFORE:   LAZARUS, J., OTT, J., and PLATT*, J.

CONCURRING AND DISSENTING STATEMENT BY PLATT, J.:  **FILED JULY 24, 2018**

I respectfully concur in part and dissent in part.

I concur in the learned Majority's decision that the evidence admitted at trial was sufficient to support the charges of which Appellant was convicted with respect to his father, Lawrence Cooper.

However, I respectfully dissent from the Majority's decision that there was insufficient evidence to support Appellant's conviction of aggravated assault against his mother, Sara Cooper.  Viewing the evidence admitted at trial in the light most favorable to the Commonwealth, as we must under our standard of review, there was sufficient evidence to support Appellant's second count of aggravated assault.  Accordingly, I would affirm the judgment of sentence in its entirety.

_____
*   Retired Senior Judge assigned to the Superior Court.

A person is guilty of the crime of aggravated assault when he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;" [or] "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]" 18 Pa.C.S.A. § 2702(a)(1), (4); *see also Commonwealth v. Fortune*, 68 A.3d 980, 986 (Pa. Super. 2013) (*en banc*), *appeal denied*, 78 A.3d 1089 (Pa. 2013) (concluding that evidence was sufficient to prove appellant took substantial step toward inflicting serious bodily injury where he pointed gun at victim, threatened to kill her, and did not do so because she fled).

Here, the evidence is clear that Appellant, with the intent to "take everybody out[,]" in an effort to avoid attending his parole hearing, took a substantial step towards those ends when he placed guns and ammunition throughout the house, and threatened his mother that if she did not comply with his demand that she leave, she would be first. (Trial Court Opinion, 6/26/17, at 3). As the trial court aptly noted, "[t]aking [Appellant] at his own words, he intended to kill [his parents] and police officers and took substantial steps in furtherance of his intention." (*Id.* at 11).

In the totality of the circumstances, the judge, sitting as fact finder, was free to find that Appellant took a substantial step toward inflicting bodily injury to his mother with a deadly weapon. *See Fortune*, *supra* at 986-87. Therefore, I would conclude that Appellant's conviction, in full, was supported by sufficient evidence, and would affirm the judgment of sentence.

Accordingly, I respectfully concur in part and dissent in part.